Richard H. DUMLER, Plaintiff–
Appellant,

v.

Jo Anne B. BARNHART, Commissioner of Social Security, Defendant–Appellee.

No. 03–4316.

United States Court of Appeals,
Seventh Circuit.

Argued Oct. 6, 2004.

Decided Oct. 19, 2004.

Dana W. Duncan, Schmidt, Grace & Duncan, Wisconsin Rapids, WI, for Plaintiff–Appellant.

Edward J. Kristof, Social Security Administration Office of the General Counsel, Region V, Chicago, IL, for Defendant–Appellee.

Before BAUER, COFFEY, and EVANS, Circuit Judges.

## ORDER

Richard Dumler injured his cervical vertebrae while shoveling snow in January 2000, and was ultimately unable to return to his work as a press operator and laborer. He applied for social security disability benefits, but an administrative law judge determined that he was still able to perform full-time sedentary work and so was not disabled. Although Dumler's treating physician declared him able to work only part-time, the ALJ found that declaration to be based solely on Dumler's own self-reported limitations and otherwise unsupported by medical evidence. Dumler now argues that the ALJ should nevertheless have given controlling weight to the treating physician's opinion. We conclude that the ALJ's decision not to credit that opinion was reasonable and cogently articulated, and we therefore affirm.

In February 2000, Dumler underwent surgery to correct two herniated discs in his neck. The surgery was more or less successful and he was able to return to work a few months later, but his condition did not hold up over the long run. By April 2001, he was finding it difficult to continue his comparatively heavy work as a press operator, and he stopped working altogether on June 18.

Dumler continued with his treatment and rehabilitation while pursuing social security disability benefits. Although his condition improved somewhat, at the time of his hearing (in August 2002) he remained physically limited and unable to do his former work. The ALJ determined that he could still do light-medium work, but only for around four hours a day. The ALJ also determined that he could do sedentary work—not the full range, but enough to preclude a finding of disability—and that he could do it for a full eight hours a day.

This last point is the only one on which the parties disagree. Dumler insists that even at a sedentary job, he can work for no more than four hours a day, which if true would make him disabled. His evidence—which he argues should have been given controlling weight, or at least should have been more favorably considered—comes from his treating physician, Dr. Jonathan Reeser. In April 2002, Dr. Reeser confirmed in his treating notes that a "light-medium lifting capacity is probably an adequate level for [Dumler] to tolerate for four hours a day," but went on to note a further limitation: "Even when he is doing less activity, he states that his endurance is limited to four hours a day or so." This limitation was reflected in a "to whom it may concern" letter Dr. Reeser wrote that same day: "[W]e have recommended that [Dumler] be limited to a light-medium lifting capacity level, . . . and furthermore recommended that he work no more than four hours a day due to his general intolerance for prolonged activity."

The ALJ discounted this opinion. He said that it was not supported by the medical evidence (which included clinical notes from three treating physicians, along with evaluations by state agency reviewing physicians) but rather was based solely on Dumler's own statement that four hours

was the most he could work. Noting that Dr. Reeser was the only doctor to have pronounced such a limit, the ALJ declined to accept the pronouncement as valid.

Dumler now argues that this was error. He points out that an ALJ must give controlling weight to the opinion of a treating physician if (1) the opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques"; and (2) the opinion is "not inconsistent with the other substantial evidence in the case record." *See* 20 C.F.R. § 404.1527(d)(2); Social Security Ruling 96–2p, "Giving Controlling Weight to Treating Source Medical Opinions" (SSA 1996); *see also Dixon v. Massanari*, 270 F.3d 1171, 1177 (7th Cir.2001). He finds particular significance in the phrase "not inconsistent," arguing that the ALJ erred by requiring Dr. Reeser's opinion to be "consistent" with the record—that is, to be independently supported by evidence in the record, as opposed to *not ruled out* by such evidence. But it is the SSA regulations themselves that require independent record support before a treating physician's opinion will be considered controlling—that is what it means for an opinion to be "well-supported by medically acceptable clinical and laboratory diagnostic techniques." *See Smith v. Apfel*, 231 F.3d 433, 440 (7th Cir.2000) (affirming ALJ's rejection of treating physician's opinion supported only by applicant's subjective complaints). In this case, Dr. Reeser himself pointed to no clinical evidence supporting a four-hour limitation on sedentary work, and Dumler has not identified any on appeal. The ALJ's rejection of Dr. Reeser's opinion was not error.

■ Dumler also says that the ALJ improperly evaluated his credibility. This portion of Dumler's brief is somewhat confusing, but he appears be arguing that the ALJ wrongly discredited his complaints

that pain and fatigue keep him from working full-time. The ALJ analyzed those complaints as directed by Social Security Ruling 96–7p, "Evaluation of Symptoms in Disability Claims: Assessing the Credibility of an Individual's Statements" (SSA 1996), comparing them to Dumler's daily activities and other medical evidence in the record.

Although an ALJ's cursory review of such evidence will generally not redeem an otherwise conclusory finding of incredibility, *see, e.g., Brindisi ex rel. Brindisi v. Barnhart*, 315 F.3d 783, 787–88 (7th Cir. 2003); *Clifford v. Apfel*, 227 F.3d 863, 871–72 (7th Cir.2000), the ALJ's analysis in this case was not merely conclusory. As required by SSR 96–7p, he gave reasons based on evidence in the record for his decision to discount Dumler's allegations. To be sure, his analysis could have been more thorough. He seems to rely more on evaluations performed by the Disability Determination Services than on his own independent assessment of Dumler's abilities. And although he refers to "earlier medical records" showing expectation of full recovery and "later records" indicating that Dumler would "at least be capable of essentially the full range of light to medium work," he does not explain which records he is referring to, nor does he spell out their connection to Dumler's claim of limited endurance. However, the analysis is more than a bare conclusory statement, and the ALJ appears to us to have undertaken a considered weighing of Dumler's claims against the medical evidence, and thus complied with SSR 96–7p. *Cf. Brindisi*, 315 F.3d at 787 (citing the requirement of SSR 96–7p that an ALJ provide more than "a conclusory statement that 'the individual's allegations have been considered' or that 'the allegations are (or are not) credible'"); *Steele v. Barnhart*, 290 F.3d 936, 942 (finding inadequate the

ALJ's single-sentence analysis of claimant's subjective complaints). The ALJ's reasoning in this case could have been more elaborate, but it is not fundamentally defective. In the absence of such defect, we defer to his credibility finding. *See Clifford,* 227 F.3d at 872 (an ALJ's credibility determination is usually entitled to deference).

We therefore AFFIRM the judgment in favor of the Commissioner.